# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-295-FDW-DCK

| | |
|---|---|
| **CRYSTAL ESCHERT,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**CITY OF CHARLOTTE,** )<br>)<br>**Defendant.** )<br>) | **PROTECTIVE ORDER** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following order:

Documents and information will be sought by Plaintiff, and will be produced or exhibited by Defendant in the above captioned proceeding, which documents and information include personnel, medical and personal records containing confidential information of third parties.

**IT IS HEREBY ORDERED THAT:**

1. "Personnel Information" of employees and/or former employees of Defendant City of Charlotte includes personnel file information as defined in N.C.G.S. § 160A-168, and includes, by way of illustration but not limitation, information relating to an individual's application, selection or nonselection, performance, promotion, demotion, transfer, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions, termination of employment, and similar information and documents, wherever located and in whatever form.

2. "Personnel Information" as defined herein, is protected from the North Carolina Public Records Act by N.C.G.S. §160A-168, *Privacy of employee personnel records*, which

states that Defendant City of Charlotte cannot release that information without release from an employee or an Order from a Court of competent jurisdiction.

3. "Medical Records" are those records maintained by physicians or other health care providers or maintained in employment files related to the physical and/or mental condition of any third party employee of Defendant.

4. Any such Personnel Information or Medical Records submitted either in response to an Order in this matter, which is asserted by the Defendant to contain or constitute Confidential Personnel Information or Medical Records, shall be so designated by the Defendant in writing, or orally at a deposition. Such documents shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL" or a comparable notice, or shall be designated as confidential by provision of a letter while being produced to opposing counsel.

5. In the absence of written permission from the Defendant or an Order by the Court, any confidential Personnel Information or Medical Records submitted in accordance with the provisions of paragraph 4 above, shall not be disclosed to any person other than: (i) the Court and the employees thereof; (ii) court reporters and stenographers engaged for the taking of deposition testimony or other discovery in this litigation; (iii) the parties and counsel for parties to this lawsuit, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; and (v) deponents who may be asked about personnel and medical records. Any Confidential Personnel Information or Medical Records shall be used solely for the purposes of this litigation. Parties may use the information to prepare for trial. Nothing in this Order is intended to interfere with an individual's right to examine his or her own personnel file and the right of the parties and

their designated representatives from examining personal information to the extent permitted by law.

6. Personnel Information or Medical Records submitted in accordance with the provisions of paragraph 4 above shall not be made available to any person designated in paragraph 5 unless he or she is the subject of such records or unless he or she shall have first read this Order and shall have agreed, in writing or under oath: (i) to be bound by the terms thereof; (ii) to not reveal this information to anyone other than another person designated herein; and (iii) to utilize such information solely for purposes of this litigation. All persons to whom Personnel Information or Medical Records is released shall be subject to this Court's jurisdiction and possible discipline, including punishment for contempt of court, for violation of this order. Attorneys shall maintain written agreements executed in compliance with this paragraph in their files, and will disclose them upon written request from opposing counsel.

7. If the Court orders, or if all parties to the litigation agree, that access to, or dissemination of, information submitted as confidential Personnel Information or Medical Records shall be made to persons not included in paragraph 5 above, such matters shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, and obligations arising from this Order and such persons shall be considered subject to it.

8. Any confidential Personnel Information or Medical Records submitted to the Court in connection with a motion or other proceeding within the purview of this matter shall be submitted with identifying information properly redacted or, if redaction will not protect the individual's identity, shall be submitted under seal. Any portion of a transcript in connection with this matter containing any confidential Personnel Information or Medical Records submitted pursuant to paragraph 4 shall be properly redacted to protect the individual's identity.

9. If the Plaintiff disagrees with respect to such a "Confidential" designation, in full or in part, he shall notify the Defendant in writing, and the parties will confer as to the status of the subject information proffered within the context of this Protective Order. If prior to, or at the time of such a conference, the Defendant withdraws its designation of such information as being subject to this Protective Order, but nonetheless submits such information for purposes of this litigation; the Defendant shall express the withdrawal, in writing, and serve such withdrawal upon the Plaintiff and the Court. If Plaintiff and Defendant are unable to concur upon the status of the subject information submitted as "Confidential" within ten (10) days from the date of notification of such disagreement, any party to this Protective Order may raise the issue of the designation of such status to the Court, which shall consider the issue. The Plaintiff may challenge the Defendant's designation of information as "Confidential" at any time; provided, however, that until such time as the Court orders otherwise, or the parties agree otherwise, the Defendant's information shall remain and continue to be maintained as "Confidential" pursuant to this Protective Order.

10. If confidential Personnel Information or Medical Records submitted in accordance with paragraph 4 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to the attention of the opposing counsel and the Court and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information.

11. The ultimate disposition of protected materials is subject to a final order of the Court upon completion of litigation.

**SO ORDERED.**

Signed: July 29, 2016

David C. Keesler
United States Magistrate Judge

5