IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-295-FDW-DCK

| | |
|---|---|
| CRYSTAL ESCHERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CITY OF CHARLOTTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Protective Order And To Quash Plaintiff's Subpoenas Duces Tecum" (Document No. 16) filed October 17, 2016. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C §636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and the applicable authority, the undersigned will deny the motion, without prejudice.

This matter is governed by the "Case Management Order" (Document No. 12). The Case Management Order" provides in pertinent part the following:

> Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and this District's Local Rules, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failing this, **the parties are required, within fourteen (14) calendar days after a discovery dispute arises,[1] to schedule and submit to an informal telephonic conference before the referral magistrate judge** (or the presiding district judge, if the magistrate judge is unavailable prior to the expiration of the 14 days). The judicial officer presiding over such a teleconference shall have jurisdiction to: (i) mediate the parties' own resolution of the dispute; (ii) make a summary legal determination on the merits of the dispute, if appropriate; (iii)

---

[1] This time limitation may only be extended with leave of Court for good cause shown, and failure to timely submit to this procedure will result in the objection being deemed waived. (Document No. 12, p.5, n.4).

      require the aggrieved party to file a written motion to compel and/or
      set an abbreviated briefing schedule, if appropriate; and (iv) award
      appropriate sanctions pursuant to Rule 37.

(Document No. 14, pp.4-5) (emphasis added). It does not appear that the parties have satisfied the requirements of the "Case Management Order."

      **IT IS, THEREFORE, ORDERED** that "Defendant's Motion For Protective Order And To Quash Plaintiff's Subpoenas Duces Tecum" (Document No. 16) is **DENIED WITHOUT PREJUDICE**.

      **SO ORDERED**.

Signed: October 17, 2016

David C. Keesler
United States Magistrate Judge